

**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

---

*Connecticut Financial Center*          *(203)821-3700*
*157 Church Street, 25th Floor*          *Fax (203) 773-5376*
*New Haven, Connecticut 06510*          *www.justice.gov/usao/ct*

January 15, 2020

Susan R. Necheles
Hafetz & Necheles LLP
10 East 40th Street
48th Floor
New York, NY 10016

Stanley A. Twardy, Jr.
Day Pitney LLP
One Stamford Plaza, 7th Floor
Stamford, CT 06901

> Re:   United States v. Chaim Stern
>        Case No. 3: 20 CR 7 (JCH)

Dear Attorneys Necheles and Twardy:

This letter confirms the plea agreement between your client, Chaim Stern (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") in this criminal matter.

## THE PLEA AND OFFENSE

In consideration for the benefits offered under this agreement, the defendant agrees to waive his right to be indicted and to plead guilty to each count of a three-count information charging violations of 18 U.S.C. § 664, 18 U.S.C. § 669, and 26 U.S.C. § 7202.

The defendant understands that, to be guilty of these offenses, the following essential elements of each offense must be satisfied:

*January 15, 2020 Letter to Susan R. Necheles and Stanley A. Twardy*
*Page 2*

## Count One: 18 U.S.C. § 664

1.   The defendant embezzled, stole, or unlawfully and willfully abstracted or converted to his own use or the use of another, moneys, funds, securities, premiums, credits, property, or other assets;

2.   At the time of the theft, the property belonged to or was connected with the Bridgeport Health Care Center, Inc. Retirement Plan (the "BHCC Pension Plan"); and

3.   That the BHCC Pension Plan was an employee welfare benefit plan or employee pension benefit plan or a fund connected therewith.

## Count Two: 18 U.S.C. § 669

1.   The defendant embezzled, stole, or otherwise without authority converted to the use of any person other than the rightful owner, or intentionally misapplied any of the moneys, funds, securities, premiums, credits, property, or other assets of the Bridgeport Health Care Center Inc. Health Benefit Plan (the "BHCC Health Plan");

2.   The BHCC Health Plan was a "health care benefit program" as defined in 18 U.S.C. § 24(b);

3.   The defendant acted knowingly and willfully; and

4.   The amount stolen, embezzled, converted, or misapplied was greater than $100.

## Count Three: 26 U.S.C. § 7202

1.   The defendant had a duty to collect, account for, and pay over any tax;

2.   The defendant failed to pay over such tax; and

3.   The defendant acted willfully.

## **THE PENALTIES**

### Imprisonment

Violations of 18 U.S.C. § 664 and 26 U.S.C. § 7202 each carry a maximum penalty of 5 years of imprisonment.  A violation of 18 U.S.C. § 669 carries a maximum penalty of 10 years of imprisonment.  Thus the total maximum term of imprisonment is 20 years.

### Supervised Release

In addition, the Court may impose a term of supervised release of not more than 3 years on each count of conviction, to begin after any term of imprisonment. 18 U.S.C. § 3583.

The defendant understands that, should he violate any condition of supervised release, he may be required to serve a further term of imprisonment of up to 2 years per violation pursuant to 18 U.S.C. § 3583 with no credit for time already spent on supervised release.

<u>Fine</u>

Violations of 18 U.S.C. § 664 and 18 U.S.C. § 669 each carry a maximum fine of $250,000. A violation of 26 U.S.C. § 7202 carries a maximum fine of $10,000.

The defendant is also subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $250,000.

<u>Special Assessment</u>

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction, for a total of $300. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

<u>Restitution</u>

In addition to the other penalties provided by law, the Court must (for Counts One and Two) and may (for Count Three) also order that the defendant make restitution under 18 U.S.C. §§ 3663 and 3663A, and the Government reserves its right to seek restitution on behalf of victims consistent with the provisions of §§ 3663 and 3663A. The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution. Restitution is payable immediately unless otherwise ordered by the Court. In any case in which the United States is a victim, the district court will ensure that all other victims receive full restitution before the United States receives any restitution. 18 U.S.C. § 3664(i).

Pursuant to 18 U.S.C. § 3663A(a)(3) and 3663(a)(3), the defendant agrees to make restitution and to be ordered to make restitution, for all money that the defendant embezzled, stole, or converted from the BHCC Pension Plan, regardless of whether that money is the subject of the specific count of conviction. The defendant agrees that the total amount that he embezzled, stole or converted is at least $4,103,828. The parties also agree that the defendant's restitution obligation for property embezzled, stolen, or converted from the BHCC Pension Plan should be offset by any money returned to the BHCC Pension Plan following the discovery of the charged criminal conduct, but that such return of money does not offset the applicable loss amount under the Sentencing Guidelines.

Further pursuant to 18 U.S.C. § 3663A(a)(3) and 3663(a)(3), the defendant agrees to make restitution, and to be ordered to make restitution, for all claims that remain unpaid by the BHCC Health Plan, regardless of whether that money is the subject of the specific count of conviction. The defendant's obligation under this agreement shall include restitution to each individual and/or entity that currently bear the losses from such unpaid claims, including but not limited to individual

*January 15, 2020 Letter to Susan R. Necheles and Stanley A. Twardy*
*Page 4*

participants or beneficiaries, health care providers or institutions, or third party plan administrators (collectively, the "health care restitution recipients"). In so agreeing, the defendant does not concede that the health care restitution recipients are victims of a crime under 18 U.S.C. §§ 3663, 3663A, and 3771. Pursuant to 18 U.S.C. § 3664(j)(2), the parties agree that the defendant's restitution obligation to each such health care restitution recipient shall be reduced by any amount that recipient recovers as compensatory damages for the same loss in any civil proceeding.

Pursuant to 18 U.S.C. § 3663, the defendant agrees that the Court should enter an order of restitution to the Internal Revenue Service in the total amount of $2,461,372.10, representing the employee portion of the employment taxes that the defendant willfully failed to pay in 2017 (Quarters 1 through 4) and 2018 (Quarters 1 and 2) and that he will sign the IRS forms deemed necessary by the IRS to enable it to make assessment of the agreed-upon criminal restitution, including agreeing to sign IRS Form 8821, "Tax Information Authorization." The attached stipulation of offense and relevant conduct sets out in detail the defendant's tax obligations. The defendant further agrees to allow the contents of his IRS criminal file to be given to civil attorneys and support staff of the United States Attorney's Office and the IRS to enable them to investigate any taxes owed by the defendant, including, but not limited to, any civil penalties and interest. With respect to disclosure of the criminal file to the above-listed individuals and entities, the defendant waives any rights the defendant might hold under 26 U.S.C. §§ 6103, 7213, and Fed. R. Crim. P. 6(e). The defendant further waives any other rights he might have to non-disclosure of tax-related information. The defendant agrees as a special condition of probation or supervised release that he will cooperate with the IRS to pay all outstanding taxes, interest, and penalties.

If the Court orders the defendant to pay restitution to the IRS for the failure to pay tax, either directly as part of the sentence or as a condition of probation or supervised release, the IRS will use the restitution order as the basis for a civil assessment. 26 U.S.C. § 6201(a)(4). The defendant does not have the right to challenge the amount of this assessment. 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor the defendant's timely payment of restitution according to that schedule will preclude the IRS from administrative collection of the restitution-based assessment, including levy and distraint under 26 U.S.C. § 6331.

<u>Interest, penalties and fines</u>

Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. § 3572(h), (*i*) and § 3612(g).

*January 15, 2020 Letter to Susan R. Necheles and Stanley A. Twardy*
*Page 5*

## THE SENTENCING GUIDELINES

### Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

### Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, should the defendant qualify for a decrease under § 3E1.1(a) and his offense level determined prior to the operation of subsection (a) is level 16 or greater, the Government will file a motion with the Court pursuant to § 3E1.1(b) which recommends that the Court reduce the defendant's Adjusted Offense Level by one additional level based on his prompt notification of his intention to enter a plea of guilty. The defendant understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The above-listed recommendations are conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 of the Sentencing Guidelines, and (2) disclosing to the United States Attorney's Office and the United States Probation Office a complete and truthful financial statement detailing the defendant's financial condition. The defendant expressly authorizes the United States Attorney's Office to obtain a credit report concerning the defendant.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (§ 3E1.1 of the Sentencing Guidelines); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (§ 3C1.1 of the Sentencing Guidelines); or (3) constitute a violation of any condition of release. Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant seeks to withdraw his guilty plea or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility. The defendant understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make one or both of the recommendations or seeks denial of the adjustment for acceptance of responsibility.

*January 15, 2020 Letter to Susan R. Necheles and Stanley A. Twardy*
*Page 6*

<u>Stipulation</u>

Pursuant to § 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into the attached stipulation, which is a part of this plea agreement.  The defendant understands that this stipulation does not set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing.  The defendant understands that this stipulation is not binding on the Court.  The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

<u>Guideline Stipulation</u>

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range.

The defendant's convictions are grouped as closely related counts pursuant to U.S.S.G. § 3D1.2(d).

The defendant's base offense level under U.S.S.G. § 2B1.1(a)(2) is 6.  That level is increased by 18 because the loss exceeded $3.5 million but was less than $9.5 million.  U.S.S.G. § 2B1.1(b)(1)(J).  The level is further increased by 2 because the offense involved 10 or more victims.  U.S.S.G. § 2B1.1(b)(2)(A)(i). The level is further increased by 2 because the offense involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting sophisticated means.  U.S.S.G. § 2B1.1(b)(10)(C).  That level is further increased by 2 because the defendant abused a position of private trust in a manner that significantly facilitated the commission or concealment of the offense.  U.S.S.G. § 3B1.3.  3 levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above, resulting in a total offense level of 27.

The defendant's base offense level under U.S.S.G. § 2T1.6 is 24. That level is further increased by 2 because the defendant abused a position of private trust in a manner that significantly facilitated the commission or concealment of the offense.  U.S.S.G. § 3B1.3.  3 levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above, resulting in a total offense level of 23.

Pursuant to U.S.S.G. § 3D1.3, because the resulting level is lower than the level under § 2B1.1, the Guidelines apply the result reached under § 2B1.1.

Based on an initial assessment, the parties agree that the defendant falls within Criminal History Category I.  The parties reserve the right to recalculate the defendant's Criminal History Category and corresponding sentencing ranges if this initial assessment proves inaccurate.

*January 15, 2020 Letter to Susan R. Necheles and Stanley A. Twardy*
*Page 7*

A total offense level 27, assuming a Criminal History Category I, would result in a range of 70 to 87 months of imprisonment (sentencing table) and a fine range of $25,000 to $250,000, U.S.S.G. § 5E1.2(c)(3).  The defendant is also subject to a supervised release term of 1 year to 3 years.  U.S.S.G. § 5D1.2.

The Government and the defendant reserve their rights to seek a departure or a non-Guidelines sentence, and both sides reserve their right to object to a departure or a non-Guidelines sentence.

The defendant understands that the Court is not bound by this agreement on the Guideline ranges specified above.  The defendant further understands that he will not be permitted to withdraw the guilty plea if the Court imposes a sentence outside any of the ranges set forth in this agreement.

In the event the United States Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the parties reserve the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

<u>Information to the Court</u>

The Government reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case.  Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

**WAIVER OF RIGHTS**

The defendant acknowledges and agrees that he is knowingly, intelligently, and voluntarily waiving the following rights:

<u>Waiver of Right to Indictment</u>

The defendant understands that he has the right to have the facts of this case presented to a federal grand jury, consisting of between sixteen and twenty-three citizens, twelve of whom would have to find probable cause to believe that he committed the offense set forth in the information before an indictment could be returned. The defendant acknowledges that he is waiving his right to be indicted.

<u>Waiver of Trial Rights and Consequences of Guilty Plea</u>

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

*January 15, 2020 Letter to Susan R. Necheles and Stanley A. Twardy*
*Page 8*

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, the right to testify and present evidence, and the right to compel the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

<u>Waiver of Statute of Limitations</u>

The defendant agrees that, should the conviction following defendant's guilty plea be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

<u>Waiver of Right to Challenge Conviction</u>

The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction. By pleading guilty, the defendant waives his right to appeal or collaterally attack his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. In addition to any other claims he might raise, the defendant waives his right to challenge his conviction based on (1) any non-jurisdictional defects in the proceedings before entry of this plea, (2) a claim that the statute(s) to which the defendant is pleading guilty is unconstitutional, and (3) a claim that the admitted conduct does not fall within the scope of the statute. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

<u>Waiver of Right to Appeal or Collaterally Attack Sentence</u>

The defendant acknowledges that under certain circumstances, he is entitled to challenge his sentence. In consideration for the benefits offered under this agreement, the defendant agrees not to appeal or collaterally attack the sentence in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241 if that sentence does not exceed 87 months of imprisonment, a 3-year term of supervised release, a $300 special assessment, a $250,000 fine, and restitution in any amount to be ordered by the Court, even if the Court imposes such a sentence based on an analysis different from that specified above. The Government and the defendant agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to

*January 15, 2020 Letter to Susan R. Necheles and Stanley A. Twardy*
*Page 9*

or concurrently with, in whole or in part, the undischarged portion of any other sentence that has been imposed on the defendant at the time of sentencing in this case. Furthermore, the parties agree that any challenge to the defendant's sentence is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) this waiver. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

<u>Waiver of Challenge to Plea Based on Immigration Consequences</u>

The defendant understands that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States.  Under federal law, non-citizens are subject to removal for a broad range of crimes, including the offense(s) to which the defendant is pleading guilty.  Likewise, if the defendant is a naturalized citizen of the United States, pleading guilty may result in denaturalization and removal. Removal, denaturalization, and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. The defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

The defendant understands that he is bound by his guilty plea regardless of the immigration consequences of the plea.  Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on those consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction or sentence, based on the immigration consequences of his guilty plea, conviction or sentence. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in the appropriate forum.

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty.  The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind.  The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law.  The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney.  The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

*January 15, 2020 Letter to Susan R. Necheles and Stanley A. Twardy*
*Page 10*

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

## COLLATERAL CONSEQUENCES

The defendant understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and will be deprived of certain rights, such as the right to hold public office, to serve on a jury, to possess firearms and ammunition, and in some states, the right to vote. Further, the defendant understands that if he is not a citizen of the United States, a plea of guilty may result in removal from the United States, denial of citizenship, and denial of admission to the United States in the future. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Federal Bureau of Prisons or the United States Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

The defendant acknowledges that convictions under 18 U.S.C. §§ 664 and 669 disqualify him from serving in the capacities described in Section 411 of ERISA, 29 U.S.C. § 1111, including employment with, or service as a consultant or advisor to, employee benefit plans subject to Title 1 of ERISA, for a period that extends until 13 years after the date of the sentence or after the end of any imprisonment resulting from conviction of the crimes described in this agreement, whichever is later.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea with respect to Counts One and Two, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his participation in the conduct that forms the basis of the Information in this case, as well as the relevant conduct set out in the attached Stipulation and in the restitution provision of this Plea Agreement. The Government (as defined above to be the United States Attorney's Office for the District of Connecticut) further agrees not to prosecute the defendant for the following further additional other conduct currently known to the Government: (1) transactions involving proceeds of any of the charged offenses; (2) conduct connected to or associated with the operation by the defendant of bank accounts in the name of Em Kol Chai, (3) making false statements to the Department of Labor related to the defendant's participation in the charged conduct; (4) filing false documents with the Department of Labor or IRS or other government agencies related to the BHCC Pension Plan or employment taxes of the BHCC; and (5) any other conduct by the defendant in his operation of the BHCC, Rosegarden, the BHCC Pension Plan, the BHCC Health Plan, and Em Kol Chai.

*January 15, 2020 Letter to Susan R. Necheles and Stanley A. Twardy*
*Page 11*

The defendant's guilty plea with respect to Count Three, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his participation in the conducted that forms the basis of the information in this case, and the relevant conduct set out in the attached stipulation.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement.  If the agreement is voided in whole or in part, the defendant will not be permitted to withdraw his guilty plea.

Moreover, in the event the defendant withdraws from this agreement prior to or after pleading guilty to the charges identified above, or if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government will be released from its obligation under this agreement, and the defendant agrees and understands that: (a) he thereby stipulates to the admissibility of the factual admissions contained in this plea agreement, including the admissions contained in the Stipulation of Offense Conduct and Relevant Conduct, in any case brought by the United States in any way related to the facts referred to in this agreement; and (b) the defendant's waiver of any defense based on the statute of limitations or any other defense based on the passage of time in filing an indictment or information, referred to herein, shall remain in full force and effect.

## APPROVAL OF TAX DIVISION

The parties understand that the Government is still awaiting approval from the Tax Division of the United States Department of Justice ("DOJ Tax Division") for Count Three of the information, charging a violation of 26 U.S.C. § 7202, and the resolution of that charge through this plea agreement.. The parties agree that in the event the DOJ Tax Division does not give its approval, this agreement will be null and void in its entirety.

*January 15, 2020 Letter to Susan R. Necheles and Stanley A. Twardy*
*Page 12*

**NO OTHER PROMISES**

       The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

       This letter shall be presented to the Court, in open court, and filed in this case.

       Very truly yours,

       JOHN H. DURHAM
       UNITED STATES ATTORNEY

       DAVID E. NOVICK
       NEERAJ N. PATEL
       ASSISTANT UNITED STATES ATTORNEYS

       The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

CHAIM STERN                  1/15/20
The Defendant                Date

       I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

SUSAN NECHELES, ESQ.         1/15/20
Attorney for the Defendant        Date

*January 15, 2020 Letter to Susan R. Necheles and Stanley A. Twardy*
*Page 13*

## STIPULATION OF OFFENSE CONDUCT AND RELEVANT CONDUCT

The defendant and the Government stipulate to the following offense conduct and relevant conduct that give rise to the defendant's agreement to plead guilty to the information:

At all times relevant, the defendant was the principal operator of the Bridgeport Health Care Center ("BHCC"), Bridgeport Manor, and the Rosegarden Health and Rehabilitation Center LLC ("Rosegarden"), which were privately owned nursing and rehabilitation facilities in Connecticut.

1.  Offense Conduct and Relevant Conduct Related to Violation of 18 U.S.C. § 664

The defendant was the trustee of the Bridgeport Health Care Center, Inc. Retirement Plan (the "BHCC Pension Plan"). The BHCC Pension Plan was a collectively bargained benefit to employees of the BHCC and related entities, and was an employee pension benefit plan regulated pursuant to the Employee Retirement Income Security Act of 1974 (ERISA).

The organization Em Kol Chai was registered as an Internal Revenue Code Section 501(c)(3) entity that identified itself as a religious charity. The Corporate Resolution for Em Kol Chai dated November 28, 2002, listed the defendant as president. The defendant opened bank accounts in the name of Em Kol Chai that received and spent money originating with the BHCC Pension Plan. Em Kol Chai was not an investment vehicle, nor was it designed to generate income.

Between in or about January 2011 and August 2013, in the District of Connecticut and elsewhere, the defendant willfully converted to his own use and the use of Em Kol Chai and other individuals and entities, approximately $3,860,018 from the BHCC Pension Plan. On April 11, 2012, the defendant caused the return of $60,018 to the BHCC Pension Plan, resulting in an aggregate loss to the BHCC Pension Plan of $3.8 million.

Additionally, between in or about 2013 through in or about 2018, in the District of Connecticut and elsewhere, the defendant willfully converted to his own use and the use of the Bridgeport Health Care Center and related entities approximately $303,828 from an annuity at Washington National Insurance Company that was held as an investment by the BHCC Pension Plan.

In total, the defendant willfully converted to his use and the use of others $4,103,828 from the BHCC Pension Plan.

2.  Offense Conduct and Relevant Conduct Related to Violation of 18 U.S.C. § 669

Pursuant to collective bargaining agreements with two unions, BHCC was required to provide and pay for health insurance benefits to active employees.

Beginning in or about October 2010, the Bridgeport Health Care Center, Inc. Health Benefit Plan (the "BHCC Health Plan") was a self-funded employee welfare benefit plan, regulated pursuant to ERISA, and a health care benefit program under 18 U.S.C. § 24(b), that offered

*January 15, 2020 Letter to Susan R. Necheles and Stanley A. Twardy*
*Page 14*

medical, vision, dental and pharmacy benefits to certain BHCC employees. BHCC was the Plan Sponsor, Plan Administrator and Named Fiduciary for the Plan.

As a self-funded plan, the BHCC Health Plan was funded through BHCC's general assets. In addition, employees who wished to participate in the BHCC Health Plan contributed a specified amount to the plan through weekly payroll deductions.

Between October 1, 2014 and September 30, 2015, BHCC also maintained stop-loss insurance coverage through Zurich American Insurance Company ("Zurich"). The stop-loss policy provided coverage for covered claims that exceeded $100,000. The application for the policy for this period was signed by the defendant as President of BHCC.

In or about late 2014 and early 2015, the spouse of a covered BHCC employee incurred significant medical expenses at Yale New Haven Hospital. This claim triggered reimbursement under the Zurich stop-loss policy.

In or about February 2015, in the District of Connecticut, the defendant intentionally misapplied the money of the BHCC Health Plan by diverting $305,608.06 in money from Zurich that was intended to pay for the health claim, and instead used it for other purposes, including Em Kol Chai, the operation of the BHCC, and for the defendant.

The defendant understands that the Government will present additional evidence regarding the defendant's operation of the BHCC Health Plan to the Court for purposes of sentencing, and will request that it be considered under 18 U.S.C. § 3553. All BHCC Health Plan participants will be given the opportunity to submit statements and/or address the Court at sentencing. In so agreeing, the defendant does not concede that the BHCC Health Plan participants are victims of a crime under 18 U.S.C. §§ 3663, 3663A, and 3771.

Similarly, the Government understands that the defendant may present his own evidence and arguments regarding the BHCC Health Plan.

3.   <u>Offense Conduct and Relevant Conduct Related to Violation of 26 U.S.C. § 7202</u>

As principal operator of the BHCC and Rosegarden, the defendant had a duty to collect, account for, and pay over employment taxes collected from BHCC employees.

From at least January 1, 2017 through and including the First Quarter of 2018, the defendant willfully failed to, and willfully caused BHCC and Rosegarden to fail to, pay over employment taxes it collected from BHCC and Rosegarden employees (the "Employee Portion"). From at least January 1, 2017 through and including the Second Quarter of 2018, the defendant willfully failed to, and willfully caused BHCC and Rosegarden to fail to, pay BHCC and Rosegarden's share of employment taxes (the "Employer Portion"). The total tax loss resulting from the defendant's conduct is $4,356,409.85, as follows:

*January 15, 2020 Letter to Susan R. Necheles and Stanley A. Twardy*
*Page 15*

| | 2017 | | | | 2018 | |
|---|---|---|---|---|---|---|
| | Q1 | Q2 | Q3 | Q4 | Q1 | Q2 |
| | | | | | | |
| **Employee Portion** | | | | | | |
| BHCC | $240,637.31 | 492,942.98 | 648,877.65 | - | 817,578.53 | - |
| Rosegarden | N/A | 14,613.34 | 110,326.67 | 23,443.03 | 112,952.59 | - |
| | | | | | | |
| **Employer Portion** | | | | | | |
| BHCC | 302,410.43 | 307,734.80 | 320,670.93 | 214,703.76 | 338,615.11 | 173,916.53 |
| Rosegarden | N/A | 49,217.17 | 59,795.99 | 51,258.33 | 50,714.25 | 26,000.45 |
| | | | | | | |
| **Total** | 543,047.74 | 864,508.29 | 1,139,671.24 | 289,405.12 | 1,319,860.48 | 199,916.98 |

The defendant acknowledges that he was repeatedly warned of his obligation to make payments of the above tax obligations and the consequences of failing to do so, to include civil and criminal consequences.

This written stipulation is part of the plea agreement. The defendant and the Government reserve their right to present additional offense conduct and relevant conduct to the Court in connection with sentencing.

CHAIM STERN
The Defendant

DAVID E. NOVICK
NEERAJ N. PATEL
ASSISTANT UNITED STATES ATTORNEYS

SUSAN R. NECHELES, ESQ.
Attorney for the Defendant

*January 15, 2020 Letter to Susan R. Necheles and Stanley A. Twardy*
*Page 16*

## RIDER CONCERNING RESTITUTION

The Court shall order that the defendant make restitution under 18 U.S.C. § 3663A for his violations of 18 U.S.C. §§ 664 and 669 (and relevant conduct), and may order the defendant to make restitution under 18 U.S.C. § 3663 for his violation of 26 U.S.C. § 7202 (and relevant conduct) to the IRS as follows:

1.  If the offense resulted in damage to or loss or destruction of property of a victim of the offense:

    A.  Return the property to the owner of the property or someone designated by the owner; or

    B.  If return of the property is impossible, impracticable, or inadequate, pay an amount equal to:

        The greater of -
        (I)  the value of the property on the date of the damage, loss, or destruction; or

        (II) the value of the property on the date of sentencing, less the value as of the date the property is returned.

2.  In the case of an offense resulting in bodily injury to a victim --

    A.  Pay an amount equal to the costs of necessary medical and related professional services and devices related to physical, psychiatric, and psychological care; including non-medical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;

    B.  Pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and

    C.  Reimburse the victim for income lost by such victim as a result of such offense;

3.  In the case of an offense resulting in bodily injury that results in the death of the victim, pay an amount equal to the cost of necessary funeral and related services; and

4.  In any case, reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.

The order of restitution has the effect of a civil judgment against the defendant. In addition to the Court-ordered restitution, the Court may order that the conditions of its order of restitution be made a condition of probation or supervised release. Failure to make restitution as ordered may result in a revocation of probation, 18 U.S.C. § 3565, or a modification of the conditions of supervised release, 18 U.S.C. § 3583(e). Failure to pay restitution may also result in the defendant being held in contempt, or the defendant's re-sentencing to any sentence which might originally have been imposed by the Court. *See* 18 U.S.C. §§ 3613A, 3614. The Court may also order that the defendant give notice to any victim(s) of his offense under 18 U.S.C. § 3555.